# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATTHEW BASSETT,
      Appellant,

    v.

DEPARTMENT OF HOMELAND
   SECURITY,
      Agency.

DOCKET NUMBER
SF-0752-20-0095-I-1

DATE: September 19, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeff T. Schrameck</u>, Esquire, Canton, Michigan, for the appellant.

<u>Joey Ann Lonjers</u>, <u>John Christie</u>, and <u>Shelby L. Stuntz</u>, Long Beach,
   California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED regarding the consistency of the penalty with those imposed upon other employees for the same or similar offenses, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-12 Customs and Border Protection Officer (CBPO), stationed at the Los Angeles International Airport. Initial Appeal File (IAF), Tab 8 at 30. The appellant's main duty was primary inspection, which involves inspecting and questioning individuals entering the United States and conducting a risk assessment to determine whether a traveler should be released or detained for further scrutiny. IAF, Tab 11 at 21-23; Hearing Transcript, Day 2 (Tr. 2) at 46-49 (testimony of the appellant).

On August 5, 2019, the agency proposed the appellant's removal based on one charge of "misuse of position" (fifteen specifications) and one charge of "creating the appearance of a conflict of interest" (eight specifications). IAF, Tab 9 at 53-58. Under the misuse of position charge, the agency specified that, while performing his CBPO duties on various dates between May 2014 and January 2019, the appellant solicited contact information from ten different female foreign nationals whom he was screening and subsequently contacted or

attempted to contact them while off duty, entering into intimate relationships with three of them. *Id.* at 53-55. Under the creating the appearance of a conflict of interest charge, the agency specified that, with respect to seven of the ten women identified in the previous charge, the appellant variously allowed them to stay at his home, allowed them to use his home address on their applications for entry into the United States, bought them gifts, and sent them money. *Id.* at 55-56. After the appellant responded to the proposal, the agency issued a decision sustaining the charges in their entirety and removing the appellant effective October 24, 2019. IAF, Tab 8 at 30-47.

The appellant filed a Board appeal, arguing that he did not commit actionable misconduct and contesting the penalty determination. IAF, Tab 1 at 4, 6. He raised no affirmative defenses.[2] After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 40, Initial Decision (ID). She sustained both charges and all specifications, found that the agency established a nexus between those charges and the efficiency of the service, and found that the removal penalty was reasonable. ID at 14-24.

The appellant has filed a petition for review, challenging the administrative judge's penalty analysis. Petition for Review (PFR) File, Tab 3. The agency has filed a response. PFR File, Tab 5.

## ANALYSIS

In an appeal of an adverse action under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 C.F.R. § 1201.56(a)(1)(ii). To meet this burden, the agency must prove its charge, establish a nexus

---

[2] The administrative judge characterized the appellant's consistency of the penalty argument as an affirmative defense. IAF, Tab 28 at 2-3, Tab 40, Initial Decision at 20, 24. As explained below, this characterization was inaccurate, and we modify the initial decision accordingly.

between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). In this case, neither party has challenged the administrative judge's findings that the agency proved its charges and established nexus. PFR File, Tab 3 at 5. These findings appear to be correct on their face, and we will not revisit them on review. *See* 5 C.F.R. § 1201.115 (stating that the Board normally will consider only issues raised in a timely filed petition or cross petition for review). Accordingly, the only remaining issue is penalty.

Because all of the agency's charges are sustained, the Board's authority to review the penalty is limited. *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 4 (2001). Specifically, the Board reviews an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to assure that management judgment has been properly exercised. *Id.* at 302. Thus, the Board will disturb an agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Id.* at 306. The Board has identified a nonexhaustive list of factors that are normally relevant for consideration in determining the appropriateness of a penalty. *Id.* at 305-06.

In this case, the administrative judge found that the deciding official appropriately considered the relevant *Douglas* factors and arrived at a penalty within the tolerable limits of reasonableness. ID at 21-24. Specifically, the administrative judge agreed with the deciding official that the appellant's offenses went to the heart of his authority as a CBPO to unilaterally decide whether to admit travelers to the United States or refer them for a secondary

inspection. ID at 22. He agreed that the appellant's misconduct was repeated over a long period of time; that it was serious in nature, particularly for a law enforcement officer; that the appellant was on clear notice that his actions were improper; that his actions resulted in a complaint of harassment; and that he refused even to acknowledge the inappropriateness of his behavior, much less express remorse for it. ID at 22-23. She found that the deciding official adequately considered the appellant's evidence of proffered comparators and reasonably determined that this evidence did not provide a basis to reduce the penalty in this case. ID at 24. The administrative judge also agreed with the deciding official that there were some mitigating factors present, including the appellant's otherwise satisfactory performance and 14 years of Federal civilian and military service without any prior discipline. ID at 23-24. However, she ultimately agreed with the deciding official that removal was appropriate under the totality of the circumstances. *Id.* On petition for review, the appellant disputes the administrative judge's penalty analysis on three bases—the clarity of advance notice or warning about his conduct, the agency's treatment of other similarly situated employees, and his rehabilitative potential.

Regarding the clarity of advance notice or warning about the conduct at issue, the administrative judge found that, on June 20, 2016, the appellant received an informal counseling on the risks and perceptions of soliciting passenger contact information while serving in an armed uniformed capacity, and that on May 17, 2018, the appellant was subjected to an investigatory interview about his conduct, yet he continued to persist in it. ID at 4, 20-23; IAF, Tab 10 at 58-61, 133.

On petition for review, the appellant argues that, far from warning him that his conduct was unacceptable, the June 20, 2016 letter of counseling informed him that his actions "appear[ed] to be more of an issue of questionable judgment than a violation of any section of the Table of Offenses," and for that reason, the inquiry into his conduct was closed at that time without any disciplinary action.

PFR File, Tab 3 at 12-14; IAF, Tab 10 at 133. Essentially, he argues that the agency turned around and removed him for conduct that it had previously informed him was not a chargeable offense. PFR File, Tab 3 at 12-14.

As an initial matter, we note that the agency's characterization of the appellant's conduct as not being "a violation of any section of the Table of Offenses" is not particularly probative regarding whether it viewed his behavior as rising to the level of a chargeable offense. The agency's Table of Offenses and Penalties expressly states that it is a guide for assessing appropriate penalties for common types of misconduct and "[t]he absence of a specific offense covering an act does not mean that such an act is condoned, permissible, or would not result in disciplinary or adverse action." IAF, Tab 11 at 4. It would appear that the agency's reference to its Table of Offenses and Penalties in the June 20, 2016 counseling was intended to convey that soliciting the contact information of a foreign national upon the completion of inspection and subsequently meeting with her did not fall under any category of misconduct listed on the Table.[3] In any event, we do not think that a reasonable person would have taken this letter as a green light to continue with such conduct in the future; at a minimum, it should have served as a warning to the appellant that he was risking disciplinary action. IAF, Tab 10 at 133.

Regarding the May 17, 2018 investigatory interview, the appellant appears to argue that, although he was under investigation, he continued to operate under the parameters of the June 20, 2016 letter that informed him that his conduct was not subject to discipline. PFR File, Tab 3 at 14. He also points out that he stopped soliciting passenger contact information after receiving an agency cease and desist letter on May 9, 2019. *Id.*; IAF, Tab 27 at 57. However, as explained above, we think that a reasonable person in the appellant's position would have

---

[3] This appears to have been incorrect. The appellant's actions as described in the June 20, 2016 letter would seem to give the appearance of a conflict of interest or violation of the agency's ethical standards of conduct. IAF, Tab 10 at 133, 137-39, Tab 11 at 18.

taken the June 20, 2016 letter as a warning to cease the conduct at issue rather than an invitation to do more of the same. Furthermore, although the appellant may have stopped compounding his misconduct after the agency gave him an explicit written cease and desist order, he has still not given an adequate explanation for his continued misbehavior leading up to that order. We simply cannot believe that the appellant genuinely thought that it was acceptable for him to solicit the contact information of three additional women after May 17, 2018, when he was interrogated for more than an hour about similar behavior by the Office of Professional Responsibility. IAF, Tab 9 at 55, Tab 15.

Far from showing that lack of notice is a mitigating penalty factor, the appellant demonstrated that he is willing to test the boundaries of acceptable conduct and engage in "questionable behavior" right up to the line where it crosses into actionable misconduct. PFR File, Tab 3 at 12-14; IAF, Tab 10 at 133. The fact that the appellant misjudged that line is attributable to his own disregard for the management inquiry and investigation that would have been sufficient to put a reasonably prudent person on notice that the continued solicitation of passenger contact information would likely lead to disciplinary action. We agree with the administrative judge that the appellant was on reasonably clear notice, at least since June 20, 2016, that the charged misconduct could result in discipline.[4]

Regarding comparator evidence, the appellant argued below that the removal penalty could not be supported because the agency treated him differently than other individuals who committed similar misconduct. IAF, Tab 26 at 7, 21-24. The administrative judge characterized this consistency of the penalty argument as an affirmative defense, and she analyzed it as such in her

---

[4] Even prior to June 20, 2016, the appellant should have been aware that it was improper for him to solicit, for private use, the personal contact information of foreign nationals whom he was inspecting. *See Flanagan v. Department of the Army*, 44 M.S.P.R. 378, 382 (1990) (stating that an agency is under no obligation to affirmatively advise an employee against participating in an action that the employee knows or should know constitutes serious misconduct).

initial decision. IAF, Tab 28 at 2-3; ID at 21, 24. However, an argument of inconsistent penalties that does not involve allegations of discrimination is not an affirmative defense. *Vargas v. U.S. Postal Service*, 83 M.S.P.R. 695, ¶ 9 (1999). Although an appellant effectively bears a burden of production on this issue, the ultimate burden of proving the reasonableness of the penalty is always with the agency. *See* 5 U.S.C. § 7513(a); *Miskill v. Social Security Administration*, 863 F.3d 1379, 1387 & n.2 (Fed. Cir. 2017); 5 C.F.R. § 1201.56(b)(1). Furthermore, after the initial decision in this appeal was issued, the Board issued a precedential decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, substantially revising its approach to the consistency of the penalty issue. For these reasons, we modify the administrative judge's analysis to apply the correct standard.

In her initial decision, the administrative judge found that none of the appellant's seven proffered comparators were similarly situated for purposes of a consistency of the penalty analysis. ID at 21; IAF, Tab 26 at 21-23. Specifically, she found that most of the comparators were from different geographic regions than the appellant and that none of them had the same proposing or deciding official. ID at 21. She also found that several of the cases were resolved by resignation or settlement and that the misconduct and surrounding circumstances in those cases were less egregious than they were in this case. *Id.* On petition for review, the appellant disputes the administrative judge's analysis, arguing that the agency meted out lesser discipline to other individuals with similar misconduct.[5] PFR File, Tab 3 at 15-16.

Having independently reviewed the comparator evidence, we find insufficient basis to conclude that any of the proffered comparators were similarly situated to the appellant. Regarding the first proffered comparator, the record

---

[5] Among other things, the appellant argues that none of the proffered comparators had previously been led to believe by the agency, as he was, that their conduct was permissible. PFR File, Tab 3 at 15-16. For the reasons explained above, we find this argument unavailing.

shows that the agency proposed his removal, but he resigned before the agency issued its final decision. IAF, Tab 9 at 6-10. We find that this does not constitute evidence of an inconsistent penalty because the option of resignation in the face of a proposed removal was equally open to the appellant. *See Frank v. Equal Employment Opportunity Commission*, 90 M.S.P.R. 458, ¶ 13 (2001) ("[E]mployees have a right to resign and agencies have a duty to honor and accept an employee's resignation."). The six remaining comparators, who received either reprimands or suspensions, were only charged with one instance of arguably similar misconduct, and for that reason, we find that the misconduct in their cases does not "closely resemble" the more than 20 instances of proven misconduct at issue in the instant appeal.[6] IAF, Tab 9 at 11-41, 51-52; *see Singh*, 2022 MSPB 15, ¶ 13 (stating that the universe of proper comparators may vary from case to case but should be limited to those employees whose misconduct or other circumstances closely resemble those of the appellant). Nor do we find that other circumstances in those cases render them as proper comparators in this case. *See Singh*, 2022 MSPB 15, ¶ 13.

Furthermore, even if some of these other cases were instructive on the issue of penalty, the consistency of the penalty is just one of many relevant factors to be considered in determining an appropriate penalty. *Id.* For the reasons explained in the initial decision, we agree with the administrative judge that the deciding official conscientiously considered the *Douglas* factors as a whole, including the comparator evidence, in arriving at his decision. ID at 24; Tr. 2 at 163-83 (testimony of the deciding official).

Regarding the appellant's rehabilitative potential, the administrative judge found that the appellant largely refused to take responsibility for his actions or

---

[6] To the extent that some of these other employees were also charged with other offenses such as accepting gifts from travelers and using inappropriate language, we find that these matters are immaterial. The Board will not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated disparately. *Singh*, 2022 MSPB 15, ¶ 17.

acknowledge that his conduct was inappropriate. ID at 23; *see Leftridge v. U.S. Postal Service*, 56 M.S.P.R. 340, 347 (1993) (finding that the appellant's rehabilitative potential was suspect because of his refusal to admit any responsibility or show remorse for his actions). The appellant disputes this finding on review. He argues that he admitted his actions and was honest and forthright during the investigative interviews and the Board proceedings, that he expressed remorse during the investigative interviews, and that he apologized in his reply to the notice of proposed removal. PFR File, Tab 3 at 16-18. The appellant also disagrees with the administrative judge that he used his job as a "personal dating service." *Id.* at 17; ID at 19. He argues that, over the years, he obtained personal contact information from both male and female passengers, which mostly resulted in platonic relationships or no further contact at all. PFR File, Tab 3 at 17-18.

We agree with the appellant that there is no definitive evidence that he lacked candor with the Board or with the agency investigators, although we find some of his explanations for his behavior to be suspect. In particular, we find it difficult to believe that the appellant's repeated and unwanted messages to a female passenger as set forth in charge 1, specifications 8-10, were accidental, as he has maintained both during the agency proceedings and throughout his Board appeal. PFR File, Tab 3 at 11; IAF, Tab 8 at 40-41; Tr. 2 at 81-86 (testimony of the appellant).

Furthermore, having reviewed the recordings of the investigatory interviews, we observe that the investigators had some difficulty eliciting complete and truthful answers from the appellant, for example, regarding whether he had attempted to gain passenger contact information for personal use after the initial investigative interview. IAF, Tab 14, April 11, 2019 Interview Recording, File 2 at 4:30. Although the appellant's conduct during the investigative process may have been sufficient for him to avoid a further charge of falsification or lack of candor, we find that it does not speak strongly to his rehabilitative potential,

especially when weighed against other evidence of record. Specifically, we agree with the appellant that, during his first investigative interview, he expressed embarrassment and remorse for his conduct. IAF, Tab 15, May 17, 2018 Interview Recording, File 1 at 25:40. However, these sentiments ring hollow in light of his resumption of precisely the same pattern of misconduct shortly thereafter. Furthermore, although the appellant apologized to the deciding official, he continued attempting to explain away his misbehavior as an outgrowth of being courteous toward travelers and incidental to his attractiveness to certain women. IAF, Tab 9 at 45. Considering the record as a whole, we find that the appellant has not provided a sufficient basis for us to disturb the administrative judge's demeanor-based credibility determinations that the appellant largely failed to acknowledge the impropriety of his actions. ID at 23; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

Finally, we acknowledge that the appellant may sometimes have obtained passenger contact information for reasons other than sexual interest. Even so, we do not think that it reflects favorably on his case that he solicited contact information from even more passengers than the Government is already aware of, regardless of his reasons for doing so. For these reasons, we find that the appellant has not provided a sufficient basis to disturb the administrative judge's penalty analysis.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.